This is an appeal from a transfer inheritance tax assessment in respect of the estate of Stewart R. Maul, deceased, where the sole question involved is one as to the meaning or interpretation of the 1926 amendment to the Descent act. P.L. 1926 ch. 41 p.77.
Decedent died resident in this state in 1932, intestate and survived by his widow, Lillian, and two aunts (sisters of his deceased mother) as his only heirs-at-law and next of kin.
He was seized, in fee, of certain real estate in Burlington county, which had been conveyed to him from his father in 1919. At that time (1919) he was married to Edith T. Maul, but was subsequently divorced from her and later married Lillian, his present widow. *Page 480 
The state tax commissioner determined that the real estate vested in the two aunts, under the provisions of the Descent act; and assessed tax accordingly. This assessment is concededly correct, unless the appellant be right in her contention that the real estate descended to her as decedent's widow under the provisions of the statute of 1926.
That statute reads as follows:
"1. Hereafter, when any married person shall die seized of any lands, tenements or hereditaments, in his or her right in fee-simple without devising the same in due form of law and without leaving lawful issue but leaving a husband or wife, him or her surviving, then and in that case the said person so surviving whether it be husband or wife, shall take an entire estate in fee-simple in the decedent's lands, tenements or hereditaments; provided, however, this act shall only apply toproperty of which husband or wife may die seized of, which hadbeen purchased by husband or wife during coverture.
2. All acts or parts of acts inconsistent with this act are hereby expressly repealed and this shall take effect immediately."
(The italics do not appear in the statute.)
Appellant contends that the word "coverture" in the statute means any coverture; and that since the property was acquired by the decedent during coverture between him and his prior wife, the provisions of the statute are operative in the instant case. The respondent's position is that the word "coverture" means coverture between the deceased husband (or wife) and the surviving wife (or husband).
It is concluded that the latter meaning is the correct one.
In the first place that is the natural meaning or impression left on the mind, upon a reading of the statute. The statute is speaking of a husband and wife and the circumstances of one of the married pair dying and the other surviving. Hence, in speaking of coverture in this connection, the natural or primary assumption would be that it is the coverture or married status of this particular pair, which the legislature had in mind.
In the second place, reference to the original bill as introduced in the legislature (see Winne v. Casale, 100 N.J. *Page 481 Law 291 (at pp. 294, 295), discloses that the proviso (italics above), which appears in the statute as enacted, was not in the original bill.
It is thereby evident that the legislature was not willing to enact that this descent between husband and wife should take place in all cases — that it was willing only to enact that it should take place only where the property of which the decedent's spouse might die seized, had been acquired by him or her during coverture. The precise reason for this limitation by the legislature does not appear, but it may fairly be presumed that what the legislature had in mind was to provide that property acquired by one of a married pair during the time of their marriage, should, on the death of the owner without children, descend to the other, on the theory that the property so acquired during the married state, although title was taken in the name of one instead of both, was in most cases the result of the joint efforts, labor and savings of both.
This reason obviously does not apply to the case where the property of which the decedent dies seized was not acquired during the marriage of the decedent and his surviving widow but was acquired instead during a marriage between the decedent and a prior wife.
In the third place, it would seem that the determination of the meaning of this statute in accordance with the contention of appellant would result in making the statute unconstitutional — a result which is of course to be avoided under well known rules of statutory interpretation.
Article 4, section 7, paragraph 11 of the constitution of this state prohibits the passage of private or special laws changing the laws of descent and requires that such laws shall be general. General laws may be validly enacted which apply to, or operate differently upon, different classes, so long as the classifications are general and reasonable. A statute, however, which operates only on a special class — where that class is the result of a classification which is not reasonable — is unconstitutional and invalid. Alexander v. City of Elizabeth,56 N.J. Law 71 (at p. 79 et seq.); 6 R.C.L. 376. *Page 482 
If this statute means that the surviving wives (or husbands) of husbands (or wives) who have acquired real estate prior to the marriage with the surviving spouse shall inherit such real estate from the decedent spouse in cases where such real estate was acquired by him or her during a previous marriage with a different spouse, but that those surviving wives (or husbands) whose husbands (or wives) die seized of property acquired prior to their marriage but not during the existence of a previous marriage shall not inherit, the classification seems unreasonable and probably unconstitutional and invalid. Such an interpretation is therefore to be avoided.
The tax will be affirmed. *Page 483